IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C. 20005,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>   Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") seeks from the Criminal Division, a component of defendant U.S. Department of Justice ("DOJ"), the release of records of communications between DOJ and the Georgia Government Transparency and Campaign Finance Commission concerning potential violations of the Ethics in Government Act or the Georgia Government Transparency and Campaign Finance Act by former Congressman and Georgia Governor J. Nathan Deal. Plaintiff is statutorily entitled to the disclosure of the records it seeks. Notwithstanding that entitlement, defendant has improperly withheld the requested records.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff CREW is a non-profit, non-partisan corporation organized under § 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses government records made available to it under the FOIA.

4. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request. The Criminal Division is a component of defendant DOJ.

## Background

5. Gov. Nathan Deal is a former member of Congress who resigned on March 21, 2010, during the middle of his Georgia gubernatorial campaign. Prior to his resignation, then-Rep. Deal was under investigation by the Office of Congressional Ethics ("OCE") for improperly using his position in Congress to influence Georgia state officials in furtherance of his personal financial interest. In the course of its investigation, the OCE also discovered that in addition to violating congressional ethics rules, Mr. Deal provided incorrect information on his financial

disclosure forms. On February 5, 2010, the OCE referred this matter to the House Committee on Standards of Official Conduct.

6. On March 26, 2010, after Mr. Deal's resignation and based on a unanimous vote of its board, the OCE took the unusual step of publicly releasing a 160-page report of its findings that it had transmitted to the Committee on Standards of Official Conduct on February 5, 2010. Based on its findings, the OCE concluded there was substantial reason to believe Mr. Deal might have violated House Rule 23, Clause 3; Rule 5 of the Code of Government Service; the House Ethics Manual's prohibition on using House equipment and resources for personal business; the House Ethics Manual's directive to disclose all earned income; the earned income limitation of House Rule 25, Clause 1; the prohibition on receiving compensation as a corporate office in House Rule 25, Clause 2; and the directive of the House Ethics Manual to disclose all non-governmental positions held.

7. Gov. Deal also was the target of a federal criminal probe as well as an investigation by the Georgia Government Transparency and Campaign Finance Commission ("Georgia Ethics Commission"), previously known as the State Ethics Commission, for potential violations of the Georgia Government Transparency and Campaign Finance Act. State investigators met multiple times with federal public corruption officials, including the FBI. In July 2012, the Georgia Ethics Commission cleared Gov. Deal of major violations, and Gov. Deal agreed to pay $3,350 in administrative fees for a series of so-called "technical defects" in his financial and campaign disclosures.

8. After concluding its investigation, the Georgia Ethics Commission released publicly thousands of pages of documents in response to a state open records request. Those records

revealed former Georgia Ethics Committee Executive Director Stacey Kalberman and former Executive Secretary Sherylin Streicker met with the FBI regarding their ongoing investigation of Gov. Deal. Further, during the state investigation Ms. Streicker and Ms. Kalberman conferred with the U.S. Attorney's Office, which also was investigating Gov. Deal's tax records and financial dealings. The U.S. Attorney's Office encouraged the Georgia Ethics Commission's campaign finance investigation, expressed interest in the results, and offered the services of a forensic accountant.

9. Documents provided CREW by the Georgia Ethics Commission in response to CREW's open records request document these contacts. For example, a March 23, 2011 email from Assistant U.S. Attorney Robert McBurney to Ms. Streicker refers to a "very informative session" the prior day. Similarly, FBI employee Eulis M. Brosas wrote to Ms. Kalberman and Ms. Streicker on January 25, 2011, about scheduling a follow-up meeting "to discuss/review any of the allegations you'd like to share with us." Mr. McBurney shared a sample subpoena with Ms. Streicker in April 2011, and broached the idea of having Ms. Streicker designated as a special assistant united states attorney.

### Plaintiff's FOIA Request

10. By letter dated May 22, 2013, and delivered by facsimile to the Criminal Division, plaintiff requested under the FOIA records of communications between DOJ and the Georgia Government Transparency and Campaign Finance Commission from March 1, 2010, to the present concerning potential violations of the Ethics in Government Act or the Georgia Government Transparency and Campaign Finance Act by Gov. J. Nathan Deal.

11. CREW also sought a public interest fee waiver, explaining the requested records are

likely to contribute to greater public awareness of alleged malfeasance and possible criminal behavior by Gov. Deal and why, despite this alleged malfeasance, DOJ has refused to prosecute Gov. Deal. CREW explained further that while DOJ decided not to prosecute Gov. Deal, his activities still may have been illegal under federal or Georgia law, and the requested documents would shed light on these potential violations as well as the conduct of DOJ and its apparent decision to close the investigation without bringing charges against Gov. Deal.

12. The Criminal Division received plaintiff's FOIA request described in ¶ 10 on May 22, 2013.

13. In response, the Criminal Division sent CREW a generic form letter dated June 25, 2013, acknowledging receipt of CREW's request and asserting that because the requested records concern a third party, DOJ can neither confirm nor deny the existence of any responsive records. DOJ further claimed absent consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, merely confirming or denying the existence of responsive records would violate personal privacy protected by Exemptions 6 and 7(C) of the FOIA. DOJ did not address the public interest in the records spelled out in CREW's FOIA request.

14. By letter to DOJ's Office of Information Policy dated July 16, 2013, CREW appealed the refusal of the Criminal Division to process and release to CREW any records responsive to CREW's FOIA request of May 22, 2013. CREW explained how the records it seeks would inform the public about what government leaders were up to, DOJ's role in the investigation of Gov. Deal, and why the agency refused to prosecute him. CREW noted it had not requested records of DOJ's investigation of Gov. Deal. CREW explained further the public interest outweighs any privacy interests, especially in light of the records already in the public domain

containing communications with DOJ and the Georgia Ethics Commission and what already has been reported widely about the investigation of Gov. Deal.

15. To date, DOJ has not responded to CREW's appeal. Accordingly, plaintiff has now exhausted all applicable administrative remedies.

### PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Conduct An Adequate Search)

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15.

17. Plaintiff submitted to the Criminal Division a request that reasonably describes the records sought and was made in accordance with DOJ's published FOIA guidelines.

18. In response, the Criminal Division failed to conduct a search reasonably calculated to uncover all agency records, as the FOIA requires.

19. As a result of the Criminal Division's inadequate search, plaintiff has not received any of the records it requested under the FOIA.

20. Therefore, by failing to release to plaintiff the records specifically requested of the Criminal Division, defendant violated the FOIA's mandate to search for responsive records, 5 U.S.C. § 552(a)(3)(D).

### CLAIM TWO
(Wrongful Withholding Of Non-Exempt Records)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

22. Plaintiff properly asked for records within the custody and control of DOJ.

23. Defendant DOJ wrongfully withheld agency records requested by plaintiff by withholding from disclosure all records responsive to plaintiff's FOIA request to the Criminal

Division.

24. Therefore, by failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DOJ and its component the Criminal Division to conduct an adequate search and to disclose immediately and in their entireties all records responsive to plaintiff's FOIA request to the Criminal Division on May 22, 2013;

(2) Issue a declaration that plaintiff is entitled to disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully requested,

*/s/ Anne L. Weismann*

ANNE L. WEISMANN
(D.C. Bar 298190)
MELANIE SLOAN
(D.C. Bar No. 434584)
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
Aweismann@citizensforethics.org

Dated: September 24, 2013        Attorneys for Plaintiff